IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK BRIAN FARRONE | |
| Plaintiff, | CIVIL DOCKET NO. 2:23-CV-1528 |
| v. | |
| PETER C. ACKER and THE COUNTY OF MERCER, PENNSYLVANIA | |
| Defendants | JURY TRIAL DEMANDED |

### DEFENDANT PETER C. ACKER'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

### PLAINTIFF DISTORTS THE BASIS OF HIS RETALIATION CLAIM

Plaintiff's position is that he was terminated from employment on May 19, 2020, as a direct result of the insubordinate email he sent to Mr. Acker on May 18, 2020. Indeed, his entire claim rests on Mr. Acker's act of terminating him because of that email. See First Amended Complaint [ECF 14], p. 7, C ("Mr. Farrone sends an email regarding Mr. Acker's treatment of S and is terminated the next day."); ¶ 51 ("The motivating factor in Mr. Farrone's termination was his opposition to the unlawful discriminatory practices of Mr. Acker in Mr. Farrone's email of May 18."); ¶55 ("Plaintiff was terminated because of his May 18, 2020 email..."); ¶77 ("Plaintiff was terminated because of his email …").

In his response to Mr. Acker's Motion for Summary Judgment, the Plaintiff relies on the temporal proximity of the May 18, 2020 email ("May 18 email") to his termination, thereby underscoring that this email is the protected activity that is the basis of his claim of retaliation. See Plaintiff's Response, ("Response"), p. 9 ("all parties acknowledge that Mr. Farrone was terminated the day after he sent the email," and that Mr. Acker's reply to the email "Perhaps I should get a new FADA" was "quite literally, directly in response to Mr. Farrone's email.").

Rather than address the content and context of the May 18 email, which demonstrates unequivocally the insubordinate manner in which he responded to Mr. Acker's efforts to reassign cases to him following the resignation of ADA Lauderbaugh, and the legal effect of that communication in failing to establish termination as a result of protected conduct, the Plaintiff makes three arguments in an attempt to distort the issue before the Court.

First, Plaintiff asserts that Mr. Acker is seeking a "second bite at the apple" in his arguments because this Court denied Defendant Acker's Rule 12(b)(6) Motion to Dismiss the Amended Compliant. See Response, p. 4. This contention ignores the difference between a Rule 12(b)(6) Motion, which requires the Court to accept the factual allegations in the Complaint as true, and a Rule 56 Motion, where the Court considers the evidence of record to determine whether there is a genuine issue of material fact regarding the Plaintiff's claims. As set forth in Mr. Ackers' Summary Judgment filings, there is no issue of fact that the May 18 email and its related communications, do not identify protected activity causally related to the termination.

Second, Plaintiff argues the May 18 email should be viewed in light of his attempt to characterize Mr. Acker as sexist and harassing of ADA Lauderbaugh, which he asserts affected her and other female employees, by reference to alleged comments and actions of Mr. Acker unrelated to Plaintiff's particular claim of retaliation for the statements he made in the May 18 email exchange with Mr. Acker that prompted the termination. See Response, pp. 1, 6-7. Casting Mr. Acker in a bad light is a failed attempt to distract from the principle that in the absence of material facts that Mr. Farrone's termination was due to protected conduct in his email to Mr. Acker, other complaints about mistreatment or disrespect do not establish a viable claim of discrimination. See cases cited in Defendant's Memorandum of Law, pp. 8, 10, 15, 17.

Third, the Plaintiff tries to shift the focus of the protected activity for which he seeks legal protection from the insubordinate May 18 email to his verbal communications with Mr.

2

Acker and the Mercer County Human Resources Director complaining generally about Mr. Acker, and by arguing that the communications need not reference discrimination on the basis of gender or disability to be protected activity or causation. See Response, p. 3.

Regarding the other communications, none of them are referenced or alluded to in the May 18 email, in Mr. Acker's response thereto on May 18, or the termination letter of May 19. Plaintiff ignores the undisputed facts as established by the May 15 – 18 emails that Mr. Acker's reassignment of cases, particularly eight cases to Mr. Farrone, triggered his tirade in the May 18 email challenging Mr. Acker's management style and insulting Mr. Acker him by saying he should handle the cases himself. Importantly, Plaintiff' admits that the May 18 email, not any other communication, was the protected activity for which he was terminated, and **"the fact that Mr. Acker was assigning cases to Mr. Farrone only two days prior clearly indicates that Mr. Farrone's firing was not already in the works before Mr. Farrone's email of May 18, 2020."** See Response, pp. 9, 10 (emphasis added).

The May 18 email itself does not assert any discrimination on the basis of gender or a disability by Mr. Acker, nor does it imply that Mr. Acker was sexist, disproportionately chastised women, used sexually derogatory language, was publicly hostile toward females, or otherwise treated women differently than men. The email also contains no reference to any discriminatory treatment of ADA Lauderbaugh on the basis of a disability or gender.

Plaintiff argues that his May 18 email did not have to accuse Mr. Acker of discrimination because it was implied as he should have "read between the lines" and understood that he was being accused of such conduct. See Response, p. 7. The content and context of the May 18 email does not support an implied complaint of discrimination. Rather, it references Mr. Acker's ongoing efforts, as set forth in Defendant's Statement of Concise Facts, to ensure that Ms. Lauderbaugh would be ready to try a case and not accept further continuances. Plaintiff's

3

attempt to characterize Mr. Acker's communications as "borderline threatening" or "harassing" does not imply that he was asserting a claim of gender or disability discrimination against Mr. Acker - Mr. Acker certainly did not understand that to be the case (¶18 in Statement of Facts), nor did Ms. Lauderbaugh assert such a claim or request plaintiff to do so. (Declaration of Lauderbaugh, Plaintiff Exh. 10).

The four cases cited by Plaintiff in an effort to support his implied assertion of discrimination theory in fact support the Defendant's argument on summary judgment.

In *Reaves v. Pennsylvania State Police*, 2014 WL 486741 (M.D. Pa. 2014), aff'd 597 Fed.Appx. 92 (3rd Cir. 2015), summary judgment was granted on claims of discrimination and retaliation based on the absence of a causal connection between the protected activity and the termination of employment, where the Court had previously determined that in letters sent by the plaintiff – the only African American state trooper – to his supervisors stating that "he was treated differently than other members of the station," that he felt "he was being *discriminated* against," and that his training stated that if "you are being *discriminated* against to notify your immediate supervisor," while comparing his treatment to other white troopers, along with phone calls in which he complained of "discrimination," were sufficient to establish protected activity under Title VII. *Reaves v. Pennsylvania State Police*, 2012 WL 4970225 *7 (M.D. Pa. 2012)(emphasis in original).

*In Jackson v. Lehigh Valley Physicians Group*, 2010 WL 1630737 * 17 (E.D. Pa. 2010), the Court held that the plaintiff - the sole African American employee - could show protected conduct based on her complaint of "bias" as that term "connotes an improper prejudice or favoritism," "could give a racial connotation," and was "referring to racial discrimination."

*Kengerski v. Harper*, 6 F.4th 531 (3rd Cir. 2021), involved a claim of hostile work environment where the plaintiff complained that a colleague called his biracial grand-niece a

4

"monkey" then sent him a series of text messages with racially offensive comments, and was later fired. The court held that harassment against an employee because he associated with a person of another race violated Title VII. * 534. The Court noted that the reference to "monkey" was clearly used in a racist manner, as describing an African American that way "goes far beyond the merely unflattering; it is degrading and humiliating to the extreme. * 540.

Summary judgment was granted in *Patel v. C.F. Fresh, LLC*, 2022 WL 16747276 (E.D. Pa. 2022), aff'd, 2024 WL 957973 (3rd Cir. 2023), on claims of discrimination and retaliation by an Asian man who was fired along with his Caucasian counterpart for lying to their boss, despite the Court finding that plaintiff's complaint that the CEO's racist comments and jokes about Mexicans, African-Americans and Jews, and referring to them as "people like you," may be protected activity under Title VII as it reflected unequal treatment based on race. *15, 17.

## CONCLUSION

The evidence and law unequivocally establish that Mr. Farrone did not engage in protected activity and was not terminated for such activity but rather his insubordination to Mr. Acker. Plaintiff's attempt to create a question of fact is not supported by the undisputed facts or law, such that Defendant Peter Acker is entitled to summary judgment in his favor.[1]

Respectfully submitted,
**MARSHALL DENNEHEY, P.C.**

By: _____
G. Jay Habas, Esquire
PA ID No. 55581
717 State Street, Suite 701
Erie, PA 16501
(814) 480-7800
gjhabas@mdwcg.com

---

[1] Defendant is constrained by the five page limit for rebuttal briefs to address all of the arguments in Plaintiff's Response to Defendant's Motion for Summary Judgment, and has endeavored to argue the main points thereof. Defendant further incorporates the arguments and evidence in his Motion for Summary Judgment filings.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK BRIAN FARRONE<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER C. ACKER and THE COUNTY OF MERCER, PENNSYLVANIA<br><br>　　　　Defendants | CIVIL DOCKET NO. 2:23-CV-1528<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment was duly served on all counsel of record and unrepresented parties on the **30th** day of April 2025, electronically or by mailing same to them at their designated addresses by first class United States mail, postage prepaid.

Walter P. DeForest, Esquire
Marie Garcia, Esquire
Deforest Koscelnik & Berardinelli
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219
*Attorneys for Plaintiff*

Stephanie Fera, Esquire
Christopher Furman, Esquire
Gabriel Fera, P.C.
1010 Western Avenue, Suite 200
Pittsburgh, PA 15233
*Attorneys for Defendant, The County of Mercer*

MARSHALL DENNEHEY, P.C.

By: _____
G. Jay Habas, Esquire