IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK BRIAN FARRONE,<br><br>Plaintiff,<br><br>v.<br><br>PETER C. ACKER, THE COUNTY OF MERCER, PENNSYLVANIA,<br><br>Defendants. | 2:23-CV-01528-CCW |

**OPINION**

Plaintiff Brian Patrick Farrone is the former First Assistant District Attorney for Mercer County. He contends that Defendant Mercer County retaliated against him in violation of Title VII of the Civil Rights Act of 1964 (Count 1) and the Americans with Disabilities Act (Count 2), and that both the County and individual Defendant Peter Acker, the elected District Attorney of Mercer County, retaliated against him under the Pennsylvania Human Relations Act (Count 3).[1]

Mercer County and Mr. Acker have each moved for summary judgment. ECF Nos. 54, 57. As a threshold matter, Mercer County asserts that it is not Mr. Farrone's "employer" under Title VII or the ADA and therefore Mr. Farrone may not bring claims against the County. For the reasons set forth below, the Court agrees. Accordingly, it will grant summary judgment to Mercer County on Counts 1 and 2. The only remaining claim, Count 3, arises under the PHRA, and the Court will decline to exercise supplemental jurisdiction over that state-law claim. Thus, the Court will dismiss Count 3 without prejudice and in doing so, deny both Defendants' Motions for Summary Judgment with respect to that Count.

---

[1] The Court has jurisdiction over Mr. Farrone's Title VII and ADA claims, which raise federal questions, under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over his state-law claim under 28 U.S.C. § 1367.

I.    **Legal Standard**

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains with the moving party regardless of which party would have the burden of persuasion at trial." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (internal quotation marks omitted). Furthermore, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87. Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "Rule 56(e) . . . requires the nonmoving party to go beyond the

pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence…." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations omitted). Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id.* (cleaned up). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffmann La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

Where more than one motion for summary judgment is filed, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, Civil Action No. 19-2184, 2020 WL 2404904, at *3, 2020 U.S. Dist. LEXIS 83633, at *6 (E.D. Pa. May 12, 2020) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016)).

**II.   Discussion**

Mercer County contends in its Motion that it is not an employer of Mr. Farrone for purposes of Title VII or the ADA. Mr. Farrone disagrees, asserting that an employer-employee relationship exists between him and the County. ECF No. 64 at 3.

To proceed with a Title VII or ADA claim, a plaintiff must allege an employment relationship with the defendant. *Covington Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114,

3

119 (3d Cir. 2013) (Title VII); *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448–450 (2003) (ADA). The United States Court of Appeals for the Third Circuit looks to the factors set forth in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) to determine whether an employment relationship exists. *Covington*, 710 F.3d at 119. The essence of the *Darden* test is whether the hiring party has the "right to control the manner and means by which the product is accomplished." *Darden*, 503 U.S. at 323–24. Courts generally "focus the employment relationship analysis on 'the level of control the defendant[] . . . exerted over the plaintiff" by asking which entity (1) paid the plaintiff; (2) hired and fired the plaintiff; and (3) had control over the plaintiff's daily activities. *Covington*, 710 F.3d at 119.[2]

### A. The First Darden Factor, Regarding What Entity Paid Mr. Farrone, is Not Dispositive

Turning to the first *Darden* factor, the parties do not dispute that, per Pennsylvania statute, Mercer County paid the salary of Mr. Farrone and other employees of the Mercer County District Attorney's Office. ECF No. 55 at 7; ECF No. 61 ¶ 3; 16 Pa. Cons. Stat. § 14720 (formerly 16 Pa. Stat. § 1620). Mr. Farrone contends that the County's funding of his salary weighs in favor of an employment relationship. But as Courts in this District have found, funding of salaries, providing human resources support, and handling benefits is insufficient to establish a county as an employer. *Day v. Westmoreland Cnty.*, 2021 WL 5015774, *6 (W.D. Pa. 2025) (Horan, J.) (citing cases). Thus, the Court finds that the first *Darden* factor is not dispositive.

---

[2] There are twelve total *Darden* factors, none of which alone is decisive: "(1) 'the skill required'; (2) 'the source of the instrumentalities and tools'; (3) 'the location of the work'; (4) 'the duration of the relationship between the parties'; (5) 'whether the hiring party has the right to assign additional projects to the hired party'; (6) 'the extent of the hired party's discretion over when and how long to work'; (7) 'the method of payment'; (8) 'the hired party's role in hiring and paying assistants'; (9) 'whether the work is part of the regular business of the hiring party'; (10) 'whether the hiring party is in business'; (11) 'the provision of employee benefits'; and (12) 'the tax treatment of the hired party.'" *Plaso*, 553 Fed. App'x at 204 n.3 (quoting *Darden*, 503 U.S. at 323–24).

### B. Under the Second *Darden* Factor, there is No Genuine Dispute of Material Fact as to Whether the District Attorney Controlled Mr. Farrone's Hiring and Firing

The second *Darden* factor weighs against an employment relationship between Mr. Farrone and Mercer County. The Court reaches this conclusion by examining the Pennsylvania County Code, which governs the relationship between the County and the District Attorney, and by examining the facts of record here, in the light most favorable to Mr. Farrone as the non-moving party. Undisputedly, Mr. Acker is the elected District Attorney of Mercer County. ECF 56 ¶ 3; ECF 61 ¶ 6. The office of District Attorney is an elected row office of Mercer County, by statute. 16 Pa. Cons. Stat. § 12301(a)(11) (formerly 16 Pa. Stat. § 401). As an elected official, Mr. Acker had the sole power, by statute, to hire Mr. Farrone: "The district attorney may appoint assistants who are licensed to practice law in the this Commonwealth to assist in the discharge of the district attorney's duties." 16 Pa. Cons. Stat. § 14320(a) (formerly 16 Pa. Stat. § 1420). Similarly, Mr. Acker held the statutory power to fire Mr. Farrone: appointees to county positions other than to elected offices "shall be subject to removal at the pleasure of the appointing power. . . ." 16 Pa. Stat. § 3450. Pennsylvania courts have confirmed that "Row Officers," such as the District Attorney of a county, "have the power to both appoint and remove 'Row Employees[,]'" including employees of the District Attorney's Office. *Ricci v. Matthews*, 2 A. 3d 1297, 1301 (Pa. Cmwlth. Ct. 2010), aff'd sub nom *Behr v. Matthews*, 610 Pa. 455 (2011).

Nevertheless, Mr. Farrone contends that the County should be deemed a "joint employer"[3] of him, because it assertedly played a role in his hiring and/or firing. Specifically regarding hiring,

---

[3] The joint employer test under Title VII is distinct from the *Darden* "employer test." The factors for the joint employer test are: "(1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records, including payroll, insurance, taxes, and the like." *Hollinghead v. City of York, Pa.*, 11 F. Supp. 3d 450, 463 (W. D. Pa. 2014). Here, neither party expressly sets out the factors of the joint employer test. They are similar in many respects to the *Darden* test, and would lead the Court to the same conclusion here. *See Bowser v. Clarion Cnty.*, 206 A.3d 68, 78 (Pa. Commw. Ct. 2019) ("the

Mr. Farrrone asserts that "County Commissioners had to approve the hiring of Mr. Farrone[] and all other employees in the District Attorney's Office." ECF No. 64 at 4. In support, Mr. Farrone cites his own declaration, which contains the statement "[t]he Mercer County Commissioners had to approve my hiring and the hiring of any other employee that would work in the District Attorney's Office." ECF No. 62–24. Defendants respond, *inter alia*, that there are no facts in the record that the District Attorney ceded any of his statutory authority to the County or that the County hired or fired any employees of the District Attorney's Office independent of the District Attorney. Here, Mr. Farrone's unsupported assertion in his declaration, without additional evidence, is insufficient to establish a genuine issue of material fact and overcome a motion for summary judgment. *Solomon v. Soc'y of Auto. Eng'rs.*, 41 Fed. App'x 585, 586 (3d. Cir. 2002) (affirming the lower court's grant of summary judgment "[b]ecause a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment."). In addition, viewing Mr. Farrone's statement in his affidavit in the light most favorable to him, County approval of the decision to hire him does not create a material issue of fact. *See, e.g.*, *Bowser v. Clarion Cnty.*, 206 A.3d 68 (Comm. Ct. 2019) (finding the county is not an employer, albeit in joint employer context, even though it approved the decision to hire, where the actual decision to hire was made by Row Officer). Regarding which entity fired Mr. Farrone, it is undisputed that the termination letter to Mr. Farrone was printed on the letterhead of the District Attorney's Office and signed only by District Attorney Acker, who stated in the letter: "I have decided to terminate your employment with this office." ECF No. 61, ¶¶ 56, 57. To the

---

County's duty and role with respect to issues such as funding, salary, benefits, and collective bargaining are simply not enough to establish a joint employer relationship" and "an employee's perceptions based on correspondence that describes a county as an employer is marginally relevant"); *Shim v. Allegheny County*, Civil Action No. 23-393, 2024 WL 1095811, *1 (W.D. Pa. Mar. 13, 2024) (Bissoon, J.) (finding Allegheny County is not a joint employer with County Sheriff as a matter of law, analyzing County Code, and citing Shim).

extent Mr. Farrone refers to particular pages of the Employee Handbook by citing "Exhibit 6" in an effort to show that both Acker and the County had some authority over firing, the portions of the handbook Mr. Farrone cites are not, in fact, contained in the record at Exhibit 6, based on the Court's review.  Therefore, they do not create a genuine issue of material fact on this point.  Thus, in light of the Pennsylvania statutory structure and the totality of the circumstances here, and taking the facts in the light most favorable to Mr. Farrone, the second *Darden* factor weighs against an employment relationship between Mr. Farrone and the County.

### C. The Third *Darden* Factor Implicates Daily Control of Mr. Farrone's Activities and Does Not Indicate that the County was Mr. Farrone's Employer

The Third *Darden* factor also weighs against an employment relationship, because the evidence of record shows that the District Attorney, not the County, had control over Mr. Farrone's daily employment activities.  Mercer County argues that "the County did not direct Farrone's daily work activities[,]" that Mr. "Acker was solely responsible for assigning Farrone's work, supervising him, and evaluating his performance[,]" and that the County had "no authority" to supervise Mr. Farrone.  ECF No. 55 at 9.  Mr. Farrone fails to offer evidence that anyone at Mercer County, as opposed to the office of the District Attorney, had control over his daily employment activities.  Furthermore, the Pennsylvania County Code makes clear that Mr. Acker as District Attorney, not the County, was responsible for supervising Mr. Farrone.  Specifically, Section 14720, which confirms that the County's salary board sets the salary for employees of the DA's office, expressly states that such power "shall not affect the hiring, discharging, and supervising rights and obligations with respect to employees as may be vested in . . . other county officers," including the District Attorney.  16 Pa. Cons. Stat. § 14720.  Thus, by statute, District Attorney Acker had the authority to supervise Mr. Farrone.  And Pennsylvania courts have confirmed that "[w]hile the Code does provide the [County] Commissioners with the general authority to run

county business, there are specific provisions in the Code which establish that the Row Officers have supervisory authority over the Row Employees[.]" *Ricci v. Matthews*, 2 A. 2d at 1301. Mr. Farrone's argument that Mercer County "could get involved in department affairs if they chose or were otherwise required to do so," ECF No. 64 at 6, does not create a genuine issue of material fact. The fact that employees of the DA's office are provided with a copy of the County Employee Handbook[4], or that the County requires employees of the District Attorney's Office to participate in yearly sexual harassment training does not create an employment relationship between Mr. Farrone and the County here. And Mr. Farrone cites no cases so finding. Similarly, the fact that County HR Manager Ms. Hamilton interacted with staff of the District Attorney's Office periodically does not create a material issue of fact as to which entity controlled Mr. Farrone's daily activities. Mr. Farrone has presented no evidence that the County was at all involved in assigning work, hours, etc. or otherwise controlling his daily work activities. *Covington*, 710 F.3d at 119–120. In support of his position that the third *Darden* factor renders the County a "joint employer," Mr. Farrone cites two cases: *Graves v. Lowery*, 117 F.3d 723, 227–29 (3d Cir. 1997) and *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215–17 (3d Cir. 2015). The Court finds both cases to be distinguishable, for the reasons set forth in Defendants' Reply. The Court therefore concludes that, viewing the facts in the light most favorable to Mr. Farrone, the third *Darden* factor weighs against an employment relationship between Mr. Farrone and the County.[5]

---

[4] Throughout Mr. Farrone's briefing and statement of material facts/responses thereto, he refers to multiple pages and contents of the Employee Handbook, citing "Exhibit 6" at various pages. Mr. Farrone does not indicate what docket number this exhibit is attached to, and the Court's review of Exhibit 6 in support of Plaintiff's Concise Statement of Material Facts, ECF No. 62, reveals a two-page document that does not consist of the full Employee Handbook or contain most of the cited information.

[5] While no party briefed all the non-exhaustive *Darden* factors, taking the record as a whole, the balance of the remaining *Darden* factors favors a finding that Mr. Farrone had an employment relationship with the District Attorney, but not with the County. These factors include the skill required, the source of the instrumentalities and tools, the location of the work, the extent of Mr. Farrone's discretion over when and how long to work, and whether the work is part of the regular business of the hiring party.

Here, the balance of the *Darden* factors favors a finding that the Mercer County was not Mr. Acker's employer, and as a result, Mr. Farrone cannot proceed with a Title VII or ADA claim against Mercer County. Consequently, summary judgment must be granted in favor of Mercer County on Counts 1 and 2. Mr. Farrone's only remaining claim, Count 3, arises under the PHRA, and the Court will decline to exercise supplemental jurisdiction over that state-law claim. Accordingly, the Court will dismiss Count 3 without prejudice and deny both Defendants' motions for summary judgment on Count 3.

### III.   Conclusion

For the foregoing reasons, the Court will grant Mercer County's Motion for Summary Judgment as to Counts 1 and 2. Additionally, the Court will deny Defendants' Motions for Summary Judgment as to Count 3, without prejudice, as set forth in the accompanying Order.

DATED this 24th day of October, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

9